ANNIE M. TURNER (315861)
anne.turner@dinsmore.com
ROBERT D. PRINE (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO GUERRERO, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC. D/B/A UPS, a California Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Dept.:<br>Judge:<br>Complaint Filed:   October 28, 2025<br>Trial Date:          TBD |

United Parcel Service, Inc., (hereinafter "UPS"), by counsel and pursuant to 28 U.S.C. sections 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, UPS states as follows:

## THE STATE COURT ACTION

1. On October 28, 2025, Plaintiff Jose Antonio Guerrero ("Plaintiff") filed a complaint against UPS in the Superior Court of the State of California, County of Los Angeles in the matter entitled *Jose Antonio Guerrero v. United Parcel Service, Inc. D/B/A UPS, a California Corporation; and DOES 1 through 50,* Case No. 25STCV31407 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, summons, answer, and all process and

pleadings, which were deemed served upon UPS in the State Court Action on January 14, 2025, are attached hereto as **Exhibit A through J.**

2.    Plaintiff alleges that he was wrongfully terminated after requesting an accommodation for his alleged disability.  As a result of this conduct, and other conduct alleged in the Complaint, Plaintiff alleges the following causes of action against UPS: (1) age discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) disability harassment in violation of the FEHA; (3) failure to accommodate disability in violation of the FEHA; (4) failure to engage in the interactive process of a disability in violation of the FEHA; (5) failure to prevent, correct and remedy discrimination and harassment in violation of the FEHA: (6) retaliation for complaints of discrimination and harassment in violation of the FEHA; (7) wrongful termination in violation of public policy; (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress.  *See* **Exhibit A**, Complaint.  Plaintiff also demands a jury trial. *Id*.

3.    UPS disputes Plaintiff's allegations and believes each of Plaintiff's causes of action lack merit.

4.    No further proceedings have occurred in the State Court Action.

5.    To the best of UPS' knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other defendants have been properly named or served with the Complaint.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

### REMOVAL PROCEDURES AND VENUE

6.    This Notice of Removal is filed within thirty (30) days of UPS's notice of the lawsuit and is timely filed under 28 U.S.C. § 1446(b). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

7.    In accordance with 28 U.S.C. § 1446(d), UPS will promptly provide written notice of the filing of this Notice to Plaintiff.

8.     Pursuant to 28 U.S.C § 1446(d), UPS will file a duplicate copy of this Notice with the Clerk of the Superior Court of the State of California, County of Los Angeles.

9.     In accordance with 28 U.S.C. § 1446(b), a venue is properly placed in the United States District Court for the Central District of California because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Los Angeles).

10.     Further, this action is not a worker's compensation action made non-removable by 28 U.S.C. § 1445(c).

## BASIS FOR REMOVAL

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

12.     Plaintiff is an individual domiciled in the State of California. **Ex. A**, Complaint, at ¶ 5. Therefore, based on Plaintiff's Complaint, Plaintiff was and is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

13.     For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. UPS is a corporation incorporated in the state of Ohio with its principal place of business located in Atlanta, Georgia. Accordingly, UPS is a citizen of the state of Ohio and the state of Georgia.

14.     In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendants sued under fictitious names, such as John Doe, is disregarded. See U.S.C. § 1332(b)(1).

DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL

15. Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

## AMOUNT IN CONTROVERSY

16. While the exact amount in controversy is unstated in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

17. Here, Plaintiff alleges he is entitled to "loss of past and future earnings, employment benefits and opportunities . . . ." **Ex. A**, Complaint, at ¶¶ 37, 43, 50, 57, 62, 69, and 74. In his Complaint, Plaintiff alleges his employment was terminated on March 23, 2023. *Id.*, at ¶¶ 22, 23, and 28. At the time of Plaintiff's termination, Plaintiff was earning $36.14 an hour as a full-time employee. *See* Declaration of Lori Cruz in Support of Notice of Removal, ¶ 4. Assuming Plaintiff worked forty (40) hours a week, Plaintiff would have earned approximately $1,445.60 a week. Backpay to date is 150 weeks, and applying this estimate of his weekly wages, Plaintiff's economic damages would total **$216,840.00** ($1,445.60 a week x 150 weeks).

18. Plaintiff also alleges that he suffered "substantial humiliation, serious mental anguish, emotional and physical distress." **Ex. A**, Complaint, at ¶¶ 37, 43, 50, 57, 62, 69, and 74. While Plaintiff has also not stated the amount of non-economic damages in his Complaint, Courts in the Central District have regularly found it appropriate to apply a 1:1 ratio of emotional distress damages relative to economic damages for purposes of calculating the amount in controversy requirement. *See Cotoc v. Dolex Dollar Express, Inc.*, 2021 U.S. Dist. LEXIS 161240, at * 15-16 (C.D. Cal. August 25, 2021) (applying a 1:1 ratio for non-economic damages for calculating amount in controversy in an employment action); *Cuevas v. Lowes Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 206629, at *14 (C.D. Cal. Aug. 5, 2020) (same); *Garfias v. Team Indus. Servs., Inc.*, 2017 U.S. Dist LEXIS 167370, at *12 (C.D. Cal. Oct. 10,

DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL

2017) (same).  Accordingly, Plaintiff's non-economic damages may be reasonably calculated at **$216,840.00**

19.    As such, a calculation of lost wages and earnings coupled with Plaintiff's purported emotional distress is nearly three times the amount in controversy requirement.  Therefore, based upon a fair reading of Plaintiff's Complaint, Plaintiff's economic and non-economic damages, more likely than not, exceed $75,000.00, if proven at trial.

20.    While UPS disputes punitive damages are warranted in this case, Plaintiff also claims "punitive or exemplary damages in an amount sufficient to punish and make an example out of UPS . . . ." **Ex. A**, Complaint, at ¶¶ 38, 44, 51, 58, 66, 70, 75, and 81.  While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages.  *See Perez v. CarMax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) [citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)]. The Central District typically estimates a 1:1 ratio between punitive and compensatory damages in calculating the amount in controversy.  *See, e.g., Cuevas*, 2020 U.S. Dist. LEXIS 206629, at *15-16; *Garfias*, 2017 U.S. Dist. LEXIS 167370, at *12-13.   Thus, Plaintiff's punitive damages may be calculated at **$433,680.00.**

21.    Finally, "where the law entitled the plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."  *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).   Notably, this includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018).  This District has held that $300 is a reasonable hourly rate for attorneys in employment matters. *See Cotoc*, 2021 U.S. Dist. LEXIS 161240, at *17; *See also Sasso v. Noble Utah Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *6 (C.D. Cal. Mar. 3, 2015) ("Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from

100 to 300 hours."). Estimating Plaintiff's attorneys' fees on the low end results in a fee award of **$30,000**.

22.    Accordingly, based on the significant and varied alleged sources of damages above, UPS asserts in good faith that the total amount "at stake" for Plaintiff's claims alone exceeds $75,000.

23.    Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by UPS pursuant to 28 U.S.C. § 1441(a).

## RESERVATION OF RIGHTS

24.    UPS denies the allegations contained in Plaintiff's Complaint.  UPS files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

25.    Further, in making the assertions in this Notice of Removal, UPS does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

26.    UPS further reserves the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, UPS respectfully requests that this action be removed to the United States District Court for the Central District of California, and the Superior Court of Los Angeles County, County of Los Angeles proceed no further with respect to this action.

Respectfully submitted,

Dated:  February 13, 2026          DINSMORE & SHOHL LLP


By: /s/ Robert D. Prine
Annie M. Turner
Robert D. Prine
Attorney for Defendant,
UNITED PARCEL SERVICE, INC.

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned, do hereby certify that on February 13, 2026, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Rodney Mesriani, Esq.                    **Attorneys for Plaintiff**
Sanaz Imani, Esq.
MESRIANI LAW GROUP
A PROFESSIONAL LAW CORPORATION
510 Arizona Avenue
Santa Monica, CA 90401
Tel: (310) 826-6300 / Fax: (310) 820-1258
sanaz@mesriani.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

                                           /s/ Robert D. Prine

                                      ROBERT D. PRINE

DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL